DIFFENDERFFER, Etc. *v.* KLEIMAN

[No. 75, September Term, 1963.]

*Decided November 6, 1963.*
*Motion for rehearing filed and denied December 6, 1963.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Johnson Bowie* for the appellant.

*Marvin M. Polikoff* for the appellee.

PER CURIAM.

The appellant, Diffenderffer, entered into a contract of sale with the appellee, Kleiman, on November 3, 1961, in which the appellant agreed to sell and the appellee agreed to buy 30 acres of land in Baltimore County. The appellee made a deposit of $5,000. The contract of sale provided that it was to be contingent upon the appellee's being able to assume an existing mortgage on the property held by a building association. The appellee made application to the building association to assume the mortgage, but was informed that it would not consent unless his wife would also agree to assume the mortgage debt. The appellee advised the appellant that the building association would not permit him to assume the mortgage and requested the return of the $5,000 deposit. When this was refused, the appellee brought suit and filed a motion for summary judgment with a supporting affidavit, later supplemented by an additional affidavit. The appellant filed an answer resisting the motion, with a supporting affidavit. After oral argument by counsel, the lower court found that there was no genuine dispute as to any material fact and that the appellee was entitled to judgment as a matter of law. Accordingly, the court entered a summary judgment for the appellee as provided by Maryland Rule 610.

Preliminarily, the appellant contends that the lower court should not have considered the supplemental affidavit filed by the appellee in support of his motion for summary judgment, because no order of court had been obtained permitting its filing. This issue was not raised below, and thus cannot be considered here. Rule 885.

It is clear to us that summary judgment was properly granted. The contract of sale was expressly conditioned upon the appellee being able to assume the existing mortgage. The pleadings and affidavits showed that the appellee made a prompt and reasonable effort to assume the mortgage but was unable to persuade the holder thereof to agree to an assumption by him.

Since the express contingency, which was material to the contract, was not fulfilled, the contract failed and the appellee became entitled to a return of his deposit. See 92 C.J.S., *Vendor and Purchaser,* Sec. 548(b). The fact that the appellee would have been able to assume the mortgage if his wife joined with him is not material, since the wife was not a party to the contract and she was under no duty, express or implied, to cooperate in the assumption of the mortgage. Cf. *Alois v. Waldman,* 219 Md. 369.

> *Judgment affirmed; appellant to pay the costs.*